916 F.2d 711
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Petitioner-Appellee,
v.
THOMAS GLENN WILLIAMS, Respondent-Appellant.
 No. 89-6823
 UNITED STATES COURT OF APPEALS,
FOURTH CIRCUIT
 Submitted: March 14, 1990
Decided: October 24, 1990
Rehearing Denied Nov. 19, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Chief District Judge. (CA-89-617-HC-BR)
 William E. Martin, Federal Public Defender, Edwin C. Walker, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.
 Margaret Person Currin, United States Attorney, Eileen G. Coffey, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 Before CHAPMAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant challenges the jurisdiction of the district court to commit him to the custody of the Attorney General of the United States for care and treatment pursuant to the provisions of 18 U.S.C. Sec. 4246. He claims that in a hearing pursuant to 18 U.S.C. Sec. 4241(d), both psychiatrists testified that he was competent to stand trial on the underlying criminal charge. We find that the district court had jurisdiction and did not err in committing appellant to the custody of the Attorney General pursuant to 18 U.S.C. Sec. 4246.
 
 
 2
 On November 23, 1988, Thomas Glenn Williams was charged in the United States District Court for the District of the Virgin Islands with assaulting a female police officer by striking her on the head and face with a machete. On March 17, 1989, the District Court of the Virgin Islands requested that Williams remain hospitalized and continue with treatment in order to determine if he could become competent to stand trial in the foreseeable future. He was admitted to the Mental Health Division of the Federal Correctional Institution at Butner, North Carolina, on April 9, 1989, to undergo forensic evaluation pursuant to 18 U.S.C. Sec. 4241, which authorizes the court to have a defendant examined for mental competency if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The statute authorizes a hearing and subparagraph (d) of Sec. 4241 provides:
 
 
 3
 (d) Determination and disposition.-If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility-
 
 
 4
 (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed; and
 
 
 5
 (2) for an additional reasonable period of time until-
 
 
 6
 (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the trial to proceed; or
 
 
 7
 (B) the pending charges against him are disposed of according to law;
 
 
 8
 whichever is earlier.
 
 
 9
 If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the trial to proceed, the defendant is subject to the provisions of section 4246.
 
 
 10
 After appellant had been at Butner for approximately four months, the acting warden submitted a report to the court which stated in part:
 
 
 11
 Our Forensic Evaluation dated July 17, 1989, indicates that Mr. Williams is not competent to stand trial at this time. It is our belief that his release to the community would present a substantial risk of danger to others, therefore, we are proceeding under Title 18 U.S. Code, Section 4246(a) in order to stay his release from custody of the Attorney General until suitable state placement can be arranged.
 
 
 12
 At a hearing conducted before the district court on August 31, 1989, Dr. Cassidy testified that while he was preparing his report he tentatively concluded that Williams was competent to stand trial, but at about this time Williams began having auditory hallucinations and became irritable, unreasonable and marginally aggressive. At the hearing, Dr. Cassidy stated that Williams was competent to stand trial if he took his medication regularly and would continue to take it in the future, but the psychiatrist was of the opinion that without careful supervision and proper medication Williams would be dangerous to himself and others. Dr. Royal gave similar testimony.
 
 
 13
 The district court concluded it had been proved by clear and convincing evidence that Williams was currently suffering from a mental disease or defect,
 
 
 14
 as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and, therefore, ORDER[ED] that he be committed to the custody of the Attorney General of the United States for care and treatment pursuant to the provisions of Title 18 United States Code, Section 4246. The Warden is directed to make periodic reports to the court on the respondent's condition.
 
 
 15
 Appellant argues that the district court had no jurisdiction to commit him to the custody of the Attorney General on August 31, 1989, under 18 U.S.C. Sec. 4246 because he was then competent to stand trial. He contends that under Sec. 4246 the district court has jurisdiction to commit a person under only three circumstances: when the person's sentence is about to expire, when the person has been committed pursuant to 18 U.S.C. Sec. 4241(d), or when the criminal charges have been dismissed solely because of his mental condition. He claims that he does not fall into any one of these categories and he should be dismissed from custody.
 
 
 16
 Section 4246 provides for the hospitalization of a person due for release but still suffering from mental disease or defect. It provides in part:
 
 
 17
 (a) Institution of proceeding.-If the director of a facility in which a person is hospitalized certifies that a person whose sentence is about to expire, or who has been committed to the custody of the Attorney General pursuant to section 4241(d), or against whom all criminal charges have been dismissed solely for reasons related to the mental condition of the person, is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined. The clerk shall send a copy of the certificate to the person, and to the attorney for the Government, and, if the person was committed pursuant to section 4241(d), to the clerk of the court that ordered the commitment. The court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section.
 
 
 18
 Section (b) then provides for psychiatric or psychological examination prior to the hearing, which shall be conducted pursuant to Sec. 4247(d). Section 4246 further provides:
 
 
 19
 (d) Determination and disposition.-If, after the hearing, the court finds by clear and convincing evidence that the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall commit the person to the custody of the Attorney General. The Attorney General shall release the person to the appropriate official of the State in which
 
 
 20
 the person is domiciled or was tried if such State will assume responsibility for his custody, care, and treatment. The Attorney General shall make all reasonable efforts to cause such a State to assume such responsibility. If, notwithstanding such efforts, neither such State will assume such responsibility, the Attorney General shall hospitalize the person for treatment in a suitable facility, until
 
 
 21
 (1) such a State will assume such responsibility; or
 
 
 22
 (2) the person's mental condition is such that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would not create a substantial risk of bodily injury to another person or serious damage to property of another; whichever is earlier.
 
 
 23
 Williams contends that because the psychiatrists testified that he was competent to stand trial, he is no longer properly committed to the custody of the Attorney General under Sec. 4241(d), and the court lacked jurisdiction to commit him pursuant to Sec. 4246.
 
 
 24
 The appellant would have us read and apply the provisions of Secs. 4241 and 4246 in isolation. However, they are parts of the process due persons with mental diseases or defects and who have been charged with violation of federal criminal statutes. These sections must be considered together so as to understand the overall plan. Section 4241 is directed to determining if a person is mentally competent to stand trial. Section 4246 covers the process required when a person is due for release, but has some mental disease or defect that creates a substantial risk of bodily injury to another or of damage to the property of another.
 
 
 25
 Appellant's argument overlooks the certificate filed by the Warden of FCI-Butner on August 1, 1989, which certifies pursuant to Sec. 4246(a) that
 
 
 26
 Mr. Williams is currently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another. In addition, suitable arrangements for state care and custody of Mr. Williams are not currently available.
 
 
 27
 Pursuant to Title 18 U.S. Code, Section 4246(a), I hereby request that Mr. Williams be given a hearing to determine whether he should remain committed to our psychiatric hospital.
 
 
 28
 This certificate was filed 30 days prior to the hearing before the district court. Even if there were merit to Williams' claim that the district court lost jurisdiction under Sec. 4241 when the psychiatrist testified that he was mentally competent to stand trial if he continued on proper medication, jurisdiction of the district court had attached under Sec. 4246 when the Butner warden filed with the district court the report of the psychiatric examination on August 1, 1989.
 
 
 29
 The court clearly had jurisdiction to commit appellant to the custody of the Attorney General following the August 31, 1989, hearing under Sec. 4246.
 
 
 30
 The United States properly complied with both statutes, Sec. 4241 under which he was originally committed and Sec. 4246 under which he is presently held.
 
 
 31
 If we were to follow appellant's argument, it would be possible for a person, who had been charged with a serious assault upon a federal officer, to be released from custody upon the testimony of a psychiatrist that he was competent to stand trial, even though the same psychiatrist testified that he had a mental disease or defect which resulted in a substantial risk of bodily harm to another person. By reading Secs. 4241 and 4246 together, it is obvious that even though there has been testimony that Williams is competent to stand trial if he continues on proper medication, he may still be held for further treatment under Sec. 4246 upon the district court's finding, based upon clear and convincing evidence, that he has a mental disease or defect which creates a substantial risk of bodily injury to another person.
 
 
 32
 The processes employed in this matter have complied with the applicable statutes and the judgment of the district court is affirmed.
 
 AFFIRMED